```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


EDGEMONT STONE & SUPPLY CO.      :
                                 :
v.                               :  Civil No. WMN-07-0438
                                 :
JAMES M. PYLES, SR. et al.       :
```

### MEMORANDUM

Before the Court is Plaintiff Edgemont Stone & Supply's motion for default judgment against Defendants James M. Pyles, Sr. and Professional Drywall, Inc.  Paper No. 8.  On May 8, 2007, the clerk of this Court entered an Order of Default against Defendants for failure to plead or otherwise defend, pursuant to Rule 55 of the Federal Rules of Civil Procedure.  Paper No. 7.

The Complaint alleges that, on November 3, 2005, Defendants executed a promissory note in favor of Edgemont in the amount of $38,782.53.  Compl., Ex. 1.  Edgemont alleges that Defendants made payments totaling $7,488.49, but have not made any additional payments, resulting in an outstanding principal balance of $31,294.04.  Additionally, the Complaint alleges that between February 2006, and August 2006, Edgemont supplied Defendants with $34,854.75 worth of materials for which it has received no payment, resulting in a breach of contract on the part of Defendants.  Defendants' default is deemed to constitute a concession of all well pleaded allegations of liability.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  Thus, the Court will grant Edgemont's motion for default judgment.

Edgemont alleges damages, as of May 20, 2007, totaling $78,904.29 plus interest accruing at $26.31 per day.  With respect to damages arising from Defendants' failure to pay the promissory note, Edgemont claims that the last payment was received on July 20, 2006, leaving a remaining balance of $31,294.04.  The promissory note expressly states that its terms are to be governed under Pennsylvania law and that, "[i]f each payment is not paid on time, the remaining balance will be subject to the maximum amount of interest permitted by the laws of the Commonwealth of Pennsylvania."  Compl., Ex. 1.  Pennsylvania law does not impose a maximum interest rate for business loans exceeding $10,000.  See In re Capital Center Equities, 137 B.R. 600, 613 (Bankr. E.D. Pa. 1992); 41 Pa. Cons. Stat. Ann. § 301(f) ("The maximum lawful rate of interest set forth in this section and in Article II of this act shall not apply to . . . business loans the principal amount of which is in excess of ten thousand dollars").  Edgemont requests an interest rate of 24% per annum, a rate which Pennsylvania courts have previously upheld.  See In re Presque Isle Apts. L.P., 118 B.R. 332, 335 (Bankr. W.D. Pa. 1990).  Thus, the Court finds that, as of the date of this Order, Edgemont's damages arising from Defendants' failure to pay the promissory note total $38,231.99, with interest continuing to accrue at a rate of $20.58 per day.

In addition to imposing the maximum rate of interest on the outstanding balance of the loan, the promissory note also expressly states that the "debtor shall pay Payee all costs of

collection and enforcement, including reasonable attorney's fees and court costs[.]" Compl., Ex. 1. Edgemont has submitted an affidavit of its attorney detailing fees in the amount of $4,853.62 relating to the collection of the debt. Mot. For Default J., Ex. 5. The affidavit provides a detailed description of each task performed and lists the amount of time expended on each task. In reviewing the affidavit, the Court finds that the time and labor expended by Edgemont's counsel and the hourly rates claimed are reasonable and that the award sought is appropriate in light of legal services rendered.

With respect to damages arising from Defendants' breach of contract for the delivery of goods, Edgemont has submitted an affidavit of its chief financial officer, Derek Chandler, asserting that Edgemont delivered $34,854.75 worth of materials to Defendants for which it received no payment. Id., Ex. 4. No written contract is alleged to have been executed for the delivery of the materials. In Maryland, where no rate is expressly specified, the legal rate of interest for damages resulting from a breach of contract is six percent per annum. Stroh v. Omni Arabians, Inc., 748 A.2d 1015, 1019 (Md. Ct. Spec. App. 2001). Thus, the Court finds that, as of the date of this Order, Edgemont's damages arising from Defendants' breach of contract total $36,660.60, with interest continuing to accrue at a rate of $5.73 per day.

For these reasons, Edgemont's motion will all be granted. A separate order will follow.

```
                                   /s/
                              _____
                              William M. Nickerson
                              Senior United States District Judge
```

Dated: June 21, 2007